## STINGLEY *v.* KIRKPATRICK.

Suit against *A.* on a promissory note. Plea, that the note was joint and several, purporting to be executed by the defendant and *B.* and *C.*; that the plaintiff had previously sued the defendant and the other makers in debt on the same promises; and that the defendant and *B.* had recovered in the suit a judgment for costs. *Held,* that the plea was bad.

ERROR to the *Tippecanoe* Circuit Court.

·BLACKFORD, J.—This was an action of assumpsit on a promissory note by the payee against the maker. Plea as follows: The defendant says *actio non,* because he says that the note sued on is joint and several, and purports to be executed by this defendant, one *David Patton,* and one *Samuel Bush;* that the plaintiff heretofore, to wit, at the *August* term of the Circuit Court, &c., impleaded this defendant, the said *Patton,* and the said *Bush,* in an action of debt for not performing the very same identical promises and undertakings in the declaration mentioned; and that such proceedings

were thereupon had in said Court in that plea, that afterwards, to wit, at, &c., this defendant and said *Patton*, by the judgment of said Court, recovered in the said plea against the plaintiff judgment for the costs and charges in that behalf expended, whereof the plaintiff was convicted, as appears by the record; which said judgment still remains in full force; and this the defendant is ready to verify. General demurrer to the plea and judgment for the defendant.

This plea of former recovery in favour of the defendant and *Patton*, in a suit against them and *Bush*, brought by the plaintiff on the same note on which the present suit is founded, is valid, if it shows that the merits were in issue in the first suit; that the issue was determined by the proper tribunal; and that there was a judgment that the defendant should go without day. The note being joint and several, the holder had a right to treat it as either; that is, he might sue all the makers in one suit as joint promisers, or he might sue any one or each of them as a separate promiser, though he could only have one satisfaction (1). But the holder could not sue all the makers jointly, and after a judgment on the merits either for or against him, sue either of them separately. If he could, the defendant would be liable to be harassed by two actions upon the same contract, which the law does not permit.

The plea, however, does not state the facts necessary to render it a bar. It does not show that the merits of the cause were in issue, and were tried by the proper tribunal in the former action; and that the judgment necessary to discharge the defendant from liability on the note had been rendered. All it alleges on the subject is, that the defendant and the other makers had been sued upon the same promises; and that the defendant and *Patton* had recovered in the suit a judgment for costs. The plea is, therefore, obviously defective on general demurrer. *Paine et al.* v. *The State*, in this Court, *May* term 1844.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Ingram* and *R. Jones*, for the plaintiff.

*D. Mace*, for the defendant.

(1) Where a contract is joint and several, there are *several distinct causes of action.* It is the joint contract of all and the several contract of each. Hence, in a joint and several contract of two persons, a judgment against one will not bar a suit against the other, whilst any part of the demand remains unpaid. But where the contract is joint only, there is but *one cause of action;* and in case of such contract of two persons, a judgment against one, though unsatisfied, is a bar to an action against the other. If two commit a joint tort, there is but one cause of action; and in such case, therefore, a judgment against one is, of itself, without execution, a bar to an action against the other for the same cause. *King et al.* v. *Hoare,* 13 Mees. & Welsb. 494. In this case, *Sheehy* v. *Mandeville,* 6 Cranch, 253, was referred to and held not to be law.