Nov. Term,
1858.
——————
BENNETT
v.
SHERN.

———————

## BENNETT *v.* SHERN.

A demurrer to a paragraph of an answer, alleging for cause that "the same does not state matter sufficient to constitute any defense," &c., is good.

*Quære*, whether this Court would, in any case, treat as a nullity, a paper filed as a demurrer, where no objection had been taken to it in the Court below.

*Saturday,*
*December 11.*

APPEAL from the *Tippecanoe* Court of Common Pleas.

HANNA, J.—This was a suit by *Shern* against *Bennett* to recover the possession of certain personal property alleged to have been mortgaged to said plaintiff by *Longley* and *Stevens*.

The defendant answered in four paragraphs—

1. A denial.

2. Property in the defendant.

3. Setting forth that the property was levied upon by the defendant as a constable, &c., and taken out of the possession of said *Longley* by virtue of an execution against the property of said *Longley* and one *Sturges*, &c.

4. Property in *Sturges*.

There was a reply in denial to the second and fourth paragraphs, and a demurrer to the third, which was sustained. There was no exception to the ruling of the Court on the demurrer.

Trial by a jury; verdict for the plaintiff; and judgment over a motion for a new trial.

The appellant suggests and argues in his brief, that two errors were committed by the Court below—first, in the ruling on the demurrer; and second, in refusing a new trial.

As to the first, it is insisted that although no exception was taken to the ruling of the Court upon the demurrer, yet the Court below ought to have disregarded the paper filed as a demurrer, and this Court should also treat it as a nullity, because it was not in the form prescribed by the statute. If the paper filed as a demurrer should be considered a nullity, it is then insisted that there was a trial without an issue upon the third paragraph of the answer. We are referred to the case of *Lane* v. *The State*, 7 Ind. R. 426. That was a case in which one demurrer was filed to three paragraphs of an answer, alleging that they were insufficient in law to constitute a legal defense to the action. In this case, the paper states that the plaintiff demurs to the third paragraph of the answer, because "the same does not state matter sufficient to constitute any defense," &c. In the case in 7 Ind. R. the Court is not at all pointed to the insufficiency of either of the paragraphs. In this case, the insufficiency is pointed out as being the *matter* of the paragraph. The demurrer is not for want of jurisdiction in the Court, nor for want of proper parties, nor for any other cause pointed out in the statute, unless it falls under the

Nov. Term,<br>
1858.<br><br>
BENNETT<br>
v.<br>
SHERN.

fifth subdivision, which it certainly would, if the word *facts* was substituted for *matter*.

Without deciding whether we would, in any case, treat a paper filed as a demurrer as a nullity, where no objection had been taken to it in the Court below, by a motion to reject it, or otherwise, we think that in this case the cause stated in the paper is so nearly in the language given in the statute, that we cannot do otherwise than treat it as a demurrer; and, as no exception was taken, we cannot inquire whether it was properly sustained. *Kenworthy* v. *Williams*, 5 Ind. R. 376.

As to the second error, particularly pointed out in the brief, it is insisted that it is sufficient to reverse the judgment, because the verdict of the jury and the judgment of the Court is for the plaintiff for all the property seized on the order in the hands of the officer, and that, by the evidence, some of that property was shown to belong to *Sturges*. There was but one witness who testified upon that point, and he stated that "there were some several articles of the property which were taken by the executions, that belonged to *Sturges*, and were not included in the mortgage." The executions and the returns thereon are not in evidence; nor is there any other testimony pointed out to us, establishing the fact that the property taken on the executions was all seized on the order issued to the sheriff. The testimony of the witness may have been correct—that property not covered by the mortgage was taken on the executions—and yet that identical property may not have been included in, nor seized upon, the order issued in this case. The mortgage and order sufficiently described the property to authorize the seizure of that mentioned in the return on said order. The evidence of *Longley* tended to show that certain portions of the property described in the mortgage, levied upon by the executions, and seized by virtue of the order was the same, but it went further and showed that certain other portions levied upon by the executions were not of the mortgaged articles, but does not state that they were seized on the order. If the articles of property seized on the order were not the same described

in the mortgage, the defendant should, under the circumstances, have made proof to that effect.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*W. F. Lane*, for the appellant.