No. 9215.

REED ET AL. *v.* HIGGINS, ADMINISTRATOR.

DEMURRER.—*Form of.*—A demurrer to an answer, assigning for cause that " neither of said paragraphs constitutes any defence to this action," is insufficient under the code, and should be overruled.

SAME.—*Effect of.*—A demurrer to a reply searches so much of the answer as the reply is addressed to, and, if the latter be bad, the demurrer should be sustained to it.

JUDGMENT.—*Court of Common Pleas.*—*Presumption.*—The act abolishing the court of common pleas (1 R. S. 1876, p. 380) expressly continued the existence of terms thereof in session when it took effect, and a judgment thereof, alleged to have been rendered while such term might have been in session, will, in the absence of averment to the contrary, be presumed to have been rendered while the court was in session.

FORMER RECOVERY.— *Pleading.*—An answer of former recovery is bad which merely avers that, in a former suit upon the same cause of action, the defendant, by agreement, recovered judgment for costs.

From the Shelby Circuit Court.

*J. B. McFadden* and *E. S. Stilwell,* for appellants.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellee.

BICKNELL, C. C.—This was a suit by the appellants, on an appeal bond given on an appeal from a justice of the peace to the court of common pleas of Shelby county.

The suit was brought against the surety alone, the principal having died without any property. After appearing to the action the surety died, and his administrator became the

defendant. The alleged breach of the bond is, that, in said court of common pleas, a judgment was rendered on the appeal, against the appellant in that court and in favor of the appellants here, which judgment remains unpaid.

The appellee answered in four paragraphs:

1. A general denial.

2. That the judgment alleged to be unpaid was rendered by Judge Coffey of said common pleas court, after his office had been abolished.

3. That in March, 1876, an action was pending against said surety, on the same bond, in favor of the present plaintiffs, and that said surety offered to confess a judgment for costs, which offer was accepted by said plaintiffs, and judgment was rendered in their favor upon such confession, which is yet in full force.

4. That said appeal was tried in said court of common pleas by Judge Coffey, prior to March 3d, 1873, and was under advisement when the office of common pleas judge was abolished, and that afterwards, on the 7th of March, 1873, said Coffey, acting as such judge, and when the circuit court of said Shelby county was not in session, rendered his decision, and on said decision rendered final judgment and completed the record therein; and that at the first term of the Shelby Circuit Court thereafter no proceedings were had in said cause, nor at any time since.

The appellants filed the following demurrers: " Come now the plaintiffs, and separately and severally demur to the 2d, 3d and 4th paragraphs of the defendant's answer herein, and for grounds of demurrer say that neither of said paragraphs constitutes any defence to this action."

A demurrer in this form is regarded as a separate demurrer to each of the paragraphs. *Stone* v. *State, ex rel.,* 75 Ind. 235; *Silvers* v. *Junction R. R. Co.,* 43 Ind. 435; *Hume* v. *Dessar,* 29 Ind. 112. One of the errors assigned is overruling these demurrers.

The appellee claims that these demurrers were properly

overruled, because they present none of the six causes of demurrer enumerated in the code. In *Lane* v. *State,* 7 Ind. 426, the cause of demurrer was, that the paragraphs "are insufficient in law to constitute a legal defence to the action." The court held that this demurrer should have been overruled; they said : " It is a general demurrer, unknown to our present practice." So, in *Tenbrook* v. *Brown,* 17 Ind. 410, where the demurrer was that the second paragraph of the answer was " not sufficient in law to enable the defendant to sustain his said defence," it was held bad, as not assigning any statutory cause of demurrer.

The court, therefore, committed no error in overruling the appellants' demurrers to the answers in the present case.

The appellants replied as follows :

1. A general denial as to each of said second, third and fourth paragraphs.

2. As to said second and fourth paragraphs, admitting all the facts therein stated, and averring that said judgment was rendered by said Coffey in the presence of and by consent of all the parties, and of said surety ; wherefore said defendant is estopped, etc.

3. As to said third paragraph, admitting all the facts therein stated, and averring that said judgment for costs was not upon the merits, and was not so intended, but was rendered under the following circumstances : The executor of Gregg, the judgment debtor, had commenced proceedings to review said judgment of the court of common pleas, on the appeal in that court, and in said proceedings had had said judgment set aside, and thereupon said surety moved the court to dismiss the suit against him on said bond, at his costs, and offered to confess a judgment for said costs, and did confess such judgment ; and judgment was rendered against him therefor ; and it was then and there expressly agreed between these plaintiffs and said surety, that such disposition of the case should not prejudice the plaintiffs in any subsequent right of action which they

might acquire on said bond against said surety in the event of a reversal by the Supreme Court of said judgment of said circuit court.

4. The fourth reply was also pleaded to the third paragraph of answer, and in addition to the facts stated in the third reply, it set forth the answer of the surety in said former suit on the bond, and averred that on appeal the Supreme Court had reversed said judgment of the Shelby Circuit Court, and had remanded the cause; and that plaintiffs afterwards, on a new trial, had recovered judgment for the amount of their original judgment, with interest and costs of suit.

The appellee filed demurrers to each of these replies except the first, for want of facts sufficient, etc. These demurrers were sustained by the court, and this ruling is the second error assigned by the appellants.

These demurrers to the replies search the record, and call in question the sufficiency of the facts alleged in the second, third and fourth paragraphs of the answer. *Richardson* v. *Seybold,* 76 Ind. 58. Demurrers to these paragraphs of answer were overruled, because, under our statute, such demurrers presented no proper question. The sufficiency of the facts alleged in said paragraphs could not be considered under such demurrers, but is presented by the demurrers to the replies, a bad reply being good enough on demurrer for a bad answer. *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102.

The second and fourth paragraphs of the answer are insufficient, because it is not true that a judge of the common pleas court lost his jurisdiction to decide cases held under advisement when his office was abolished; nor is it true that he lost such jurisdiction by the abolition of his office and the fact that he did not render his decision and judgment and complete the record at the next term of the circuit court, under section 80 of the act of March 6th, 1873, 1 R. S. 1876, p. 380. Section 83 of this statute provides, that "Any * * common pleas court that may be in session in any county in this State on the taking effect of this act under the provisions of law here-

Reed *et al. v.* Higgins, Administrator.

tofore existing is hereby authorized to continue such session until the expiration of the term, the same as if this act had not been passed." This court takes judicial notice of this statute, and of the fact that prior to March 6th, 1873, the court of common pleas of Shelby county was authorized and required to hold terms of court, for three weeks each, on the first Mondays of March, July and November in each year. Acts 1867, p. 90.

This court knows, therefore, that said court of common pleas was holding such a term when the act of March 6th, 1873, took effect, and had a right, under section 83, *supra*, to continue its session for more than two weeks thereafter, and until the expiration of said term. And this court will presume, in the absence of an averment to the contrary, that Judge Coffey's action was in accordance with the foregoing statutes, and that when he rendered his decision and judgment, and completed his record in the case held under advisement, his court was lawfully continued in session under section 83, *supra*. To show want of jurisdiction in such a case, the answer should aver the abolition of the office of the judge, and that the case under advisement was decided afterwards, but not at the next term of the circuit court, nor at a continued session of the common pleas court, under section 83, *supra*.

The court, therefore, erred in sustaining the appellee's demurrer to the appellants' second paragraph of reply, pleaded to the second and fourth paragraphs of the answer, those paragraphs of the answer being insufficient for want of facts, etc. The demurrer to the second paragraph of reply should have been sustained as to the second and fourth paragraphs of the answer.

The third paragraph of the answer was bad, because it showed that the merits of the former suit were not decided. A good plea of former recovery must show that, in the former suit something was decided upon the same cause of action asserted in the latter suit. See the forms, 3 Chitty Pl. 929, 956. The paragraph now under consideration merely asserts

that, by agreement in the former suit, judgment was rendered upon confession in favor of the surety, for his costs. That is no bar to a subsequent suit for the same cause of action. If the suit is discontinued, or the plaintiff becomes nonsuited, or if, for any other cause, there has been no judgment of the court upon a matter in issue, the former proceedings are not a bar. *Winship* v. *Winship,* 43 Ind. 291; *McSweeney* v. *Carney,* 72 Ind. 430; *Stevens* v. *Dunbar,* 1 Blackf. 56; *Sherry* v. *Foresman,* 6 Blackf. 56; *Gilman* v. *Rives,* 10 Pet. 298. In *Stingley* v. *Kirk-patrick,* 7 Blackf. 359, this court said: "The plea * *. does not show that the merits of the cause were in issue, * * *. All it alleges * * is, that the defendant and the other makers had been sued upon the same promises; and that the defendant * had recovered * a judgment for costs. The plea is * obviously defective on general demurrer." In *Knox* v. *Waldoborough,* 5 Greenl. 185, a decision in favor of the defendant, upon an agreed statement of facts, and a nonsuit of the plaintiff and judgment thereon for the defendant for his costs, pursuant to such agreement, were held to be no bar to a subsequent action for the same cause.

Therefore, the demurrers to the third and fourth paragraphs of reply pleaded to the third paragraph of the answer, which is defective for want of sufficient facts, etc., ought not to have been sustained. Those paragraphs of the reply are sufficient for such answer, and the demurrers to them should have been sustained as to the third paragraph of the answer. It may be observed that where the matters sued for were not enquired into in the former suit, that fact may be shown by a reply. *Walker* v. *Houlton,* 5 Blackf. 348; *Brandon* v. *Judah,* 7 Ind. 545.

As the cause must be reversed for the foregoing errors, it is not necessary to consider the third error assigned, to wit, that the court erred in its conclusions of law upon the facts specially found. The judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and it is

hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial, with instructions to the court below to sustain the demurrers to the second paragraph of the reply as to the second and fourth paragraphs of the answer, and to sustain the demurrers to the third and fourth paragraphs of the reply as to the third paragraph of said answer, with leave to both parties to amend their pleadings.

BICKNELL, C. C.—The petition admits that a demurrer searches the record, but it claims that it does so only when the point is assigned for error and argued. This position can not be sustained.

In *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102, this court said: "It is claimed by the appellant's counsel, that the appellee Baker can not complain of the insufficiency of the several paragraphs, * * of the appellant's answer, because he has failed to assign any cross errors in this court; but it seems to us that the question of the sufficiency or insufficiency of these paragraphs of answer is fairly presented by the record, * * even in the absence of any assignment of cross errors."

The petition for a rehearing should be overruled.

PER CURIAM.—The petition for a rehearing is overruled.