Lewellen *v.* Crane *et al.*

ages were excessive, nor that the verdict was not sustained by the evidence.    There was no error.

Judgment affirmed, with costs.

Filed Dec. 3, 1887; petition for a rehearing overruled Feb. .9, 1888.

---

No. 13,137.

## Lewellen *v.* Crane et al.

PROMISSORY NOTE.—*Sale of Chattels.*— *Warranty Against Encumbrances.*— *Failure of Consideration.*—*Pleading.*—In an action upon a promissory note, an answer by the two makers setting up a failure of consideration, in that the note was given for machinery purchased by them and warranted free from encumbrances, whereas it was mortgaged and had since, through foreclosure and sale, become the property of the mortgagee, is not bad merely because it also avers that one of the makers had previously sold his interest in the chattels to his co-defendant.

PLEADING.—*Demurrer.*—*Form.*—A demurrer to an answer, under section 346, R. S. 1881, is not insufficient in form merely because the pleader uses the words " a defence " instead of the statutory words " a cause of defence."

SAME.—*Defence Arising After Commencement of Action.*—*Answer.*—*Filing Without Leave.*—*Striking Out.*—*Demurrer.*—If an answer states a cause of defence which arose after the commencement of the action, and such answer is filed without leave of court first had, such facts authorize the court to strike it out, but they afford no ground for sustaining a demurrer thereto, unless they appear upon the face of the pleading.

From the Montgomery Circuit Court.

*N. P. H. Proctor,* for appellant.

*M. W. Bruner,* for appellees.

HOWK, J.—In this case, errors are assigned here by appel-

.lant, Lewellen, the plaintiff below, which call in question (1) the overruling of his demurrer to the second paragraph of defendant's answer, and (2) the overruling of his motion for a new trial herein.

In his complaint, plaintiff sought to recover the amount claimed to be due on a certain promissory note for the sum of $250, dated October 1st, 1883, alleged to have been executed by defendants, George Crane and John W. Steele, payable on June 25th, 1884, to the order of Candy Lewellen and James Lewellen, and by them assigned by endorsement to the plaintiff, John Lewellen, and to foreclose a certain chattel mortgage, alleged to have been executed by defendants to the payees of such note to secure the payment thereof, etc.

Defendants answered specially in two paragraphs, of which the first was a plea of set-off.

In the second paragraph of their answer, defendants alleged that the note in suit was executed for a part of the purchase-money for the machinery described in the chattel mortgage filed with the complaint; that at the date of such purchase there was a chattel mortgage held on a part of such machinery by the Eagle Machine Works, of Indianapolis, to secure a note held by it for the sum of $250; that such mortgage covered, and was a lien on, all of such machinery except the engine and separator; that defendants bought such machinery, except said engine and separator, from the payees of the note in suit for the sum and price of $450; that afterwards defendant Crane sold his interest in said chattels to his co-defendant, Steele, who became sole owner of the same, and was in possession thereof; that at the time of said purchase by defendants, the payees of the note sued on were in the possession of said chattels and then delivered such possession to the defendants herein; that afterwards said Eagle Machine Works brought suit to foreclose its chattel mortgage in the court below, and in such suit it recovered a judgment for $304.70 and costs against the makers of the note held by it,

and for the foreclosure of its said mortgage, and for the sale of the chattels covered by its mortgage.

And defendants averred that the makers of said note to the Eagle Machine Works failed to pay said note or said judgment; that said Eagle Machine Works caused an execution to be issued on its said judgment, and the sheriff of Montgomery county, by virtue thereof, levied such writ on said machinery, covered by its said mortgage, and on March 2d, 1885, said property was sold by such sheriff to the Eagle Machine Works, and it thereby acquired title to such property. And the defendants said that when they purchased said property the vendors thereof warranted said property to be unencumbered and free from any liens thereon, and that there had been a breach of said warranty as therein set forth. Wherefore defendants said that the consideration of the note in suit had wholly failed, and they demanded judgment for their costs, etc.

Defendants' counsel contends that the demurrer of plaintiff to the second paragraph of answer is not sufficient in form to present for decision " the question of the sufficiency of such paragraph." The cause of demurrer is thus assigned by plaintiff: " That said second paragraph of answer does not state facts sufficient to constitute a defence to the plaintiff's action herein." Counsel contends that this statement of the ground or cause of demurrer is insufficient in form, because it does not conform to the precise words used in section 346, R. S. 1881. That section reads as follows: " Where the facts stated in any paragraph of the answer are not sufficient to constitute a cause of defence, the plaintiff may demur to it under the rules prescribed for demurring to a complaint."

It will be seen from plaintiff's demurrer, above quoted, that the pleader used the words "a defence," instead of the statutory words "a cause of defence." We are of opinion that plaintiff's demurrer is sufficient in form to present for decision the question of the sufficiency of the second para-

graph of answer " to constitute a cause of defence," and that the case of *Thomas* v. *Goodwine,* 88 Ind. 458, cited by counsel, lends no support whatever to his contention. In *Young* v. *Warder,* 94 Ind. 357, a demurrer to a paragraph of answer, substantially the same as plaintiff's demurrer in the case at bar, was held to be sufficient in form. *Bennett* v. *Shern,* 11 Ind. 324.

Appellant's counsel insists that the second paragraph of answer is bad on demurrer, because it is alleged therein that defendant Crane sold his interest in the mortgaged chattels to his co-defendant Steele. It is claimed that the averment of this fact makes the answer bad as to defendant Crane, and that being bad as to him it followed, of necessity, that the answer was not a good defence for his co-defendant, Steele. We fail to see, however, that Crane's sale of his interest in the mortgaged chattels to defendant Steele could or did deprive Crane of his right to rely upon the facts stated in the second paragraph of answer as a complete defence in bar of the plaintiff's cause of action. The defence pleaded in the second paragraph of answer was founded upon the alleged warranty by the payees of the note in suit to both of the defendants, that the chattels for which such note was given were unencumbered and free from any liens thereon. It was shown by the facts stated in such answer that such alleged warranty was broken as soon as it was made, because the chattels, purchased by defendants from the payees of the note sued on, were shown to have been encumbered at the time of such purchase, the date of the alleged warranty, by the lien of the mortgage thereon to the Eagle Machine Works. This breach of the alleged warranty gave defendants an immediate cause of action against the vendors of the chattels to recover, at least, nominal damages; and there is nothing in the second paragraph of answer to show that defendant Crane had ever sold or parted with his interest in such cause of action, or cause of defence, either to his co-defendant, Steele, or to any one else. We are of opinion, therefore, that this objection

to the sufficiency of the second paragraph of defendants' answer is not well taken and can not be sustained.

It is further contended, on behalf of the plaintiff, that his demurrer to the second paragraph of answer ought to have been sustained, because it appears from the averments of such answer that the sheriff's sale of the chattels, for which the note in suit was given, to the Eagle Machine Works was made on the 2d day of March, 1885, which was nearly three months after the commencement of this suit, on the 8th day of December, 1884, as shown by the record. In other words, plaintiff's counsel contends, as we understand his argument, that the answer was bad on the demurrer thereto, not because the facts stated in such answer were not sufficient to show that the consideration of the note in suit had wholly failed on and after the sheriff's sale of such chattels, on March 2d, 1885, but because the answer did not show any failure of the consideration of such note at or before the time of the commencement of this suit. We do not think that this objection of counsel to the answer was or is presented for decision by plaintiff's demurrer thereto, because it was not averred in such answer that this suit was commenced before the sheriff's sale of such chattels, or, in fact, when it was commenced. The only question presented for decision by the demurrer to the second paragraph of answer is this: Are the facts stated in such paragraph sufficient to show that the consideration of the note sued on had wholly failed? If defendants' answer stated a cause of defence which arose after the commencement of the action, and such answer was filed without leave of the court first had, these facts would have authorized the court to reject or strike out such answer, but surely they afforded no ground whatever for sustaining a demurrer to such answer.

In *Trentman* v. *Fletcher*, 100 Ind. 105, it was claimed here that the court below had erred in overruling a demurrer to the complaint, because the record disclosed the fact that the suit had been commenced before the maturity of the cause

of action. Upon this point the court there said: "In the consideration of the demurrer the court could look to the complaint and the demurrer, and to nothing else, and these papers would not disclose the fact that the suit was commenced before the note fell due. Upon a demurrer, the court inspects the pleadings before it and passes upon their sufficiency from what appears upon the face of the papers and from proper exhibits attached. A demurrer is allowed only where the defect appears upon the face of the complaint. *Douglass* v. *Blankenship*, 50 Ind. 160."

So, in the case under consideration, in passing upon plaintiff's demurrer to the second paragraph of defendants' answer, the court below was not required to ascertain whether the facts stated in such paragraph occurred before or after the suit was commenced, or whether such paragraph had been filed with, or without, leave of the court first had. The demurrer called in question only the sufficiency of the facts stated in the second paragraph of answer to constitute a cause of defence to plaintiff's action. We are of opinion that the facts there stated were sufficient to constitute a cause of defence, and that the demurrer to such paragraph of answer was correctly overruled.

Plaintiff replied to defendants' answers, putting the cause at issue, and the issues joined having been submitted to the court for final hearing, the court found generally for the defendants. Over plaintiff's motion for a new trial, the court adjudged that he take nothing by his suit and that defendants recover of him their costs.

We have considered all the evidence appearing in the record, and it fairly sustains, we think, the finding and judgment of the trial court. The other questions arising under the alleged error of the court in overruling the motion for a new trial, we have already considered, in passing upon the sufficiency of the second paragraph of answer, and decided adversely to plaintiff. No sufficient cause or reason is apparent, or has been shown by the record or by the arguments

of counsel, for reversing the judgment below and granting plaintiff a new trial.

The judgment is affirmed, with costs.

