No. 13,431.

## PEDEN v. MAIL.

SET-OFF.—*May be Replied.*—A set-off may be pleaded to a set-off.

PLEADING.—*Bill of Particulars.*—Where a bill of particulars is necessary to inform the adverse party of the nature of a claim set up in a pleading, the bill must be filed or the pleading will be bad on demurrer.

SAME.—*Reply.—Demurrer to.—Form.*—A demurrer to a reply, assigning as cause that " the reply does not state facts sufficient to constitute a good reply to the defendant's answer to which it is directed," does not comply with the statute (section 357, R. S. 1881), and is bad.

SAME.—*Complaint.—Arrest of Judgment.*—Where the complaint contains one good paragraph, a motion in arrest of judgment will not lie.

SAME.—*Objection to Evidence.—Setting Aside Verdict.*—A party can not challenge the sufficiency of a pleading by objecting to evidence or by a motion to set set aside the verdict.

SAME.—*Sufficiency of Complaint.*—A complaint which entitles the plaintiff to some relief is sufficient on demurrer.

From the Owen Circuit Court.

*G. W. Grubbs, D. E. Beem* and *W. Hickam,* for appellant.

*J. C. Robinson, I. H. Fowler, S. O. Pickens* and *W. A. Pickens,* for appellee.

ELLIOTT, C. J.—The first paragraph of the appellee's complaint is a common count for work and labor performed at the request of the appellant. The second counts upon a special contract, and thus pleads the contract: That it was agreed that the plaintiff should reside upon the defendant's farm during the continuance of the partnership between them ; that he should put into the partnership business stock and domestic animals owned by him, and such money as he desired to invest; that he should receive interest on the money invested by him so long as it was used in the business ; that the defendant was to put into the business such cattle as he saw fit, and to furnish the plaintiff all the money required to successfully carry on the business, on which

money he was to receive interest; that the plaintiff should keep the farm in ordinary repair, and that the defendant should make all the necessary permanent improvements; that the partnership should continue from year to year, beginning on the first of March, 1882; that upon the dissolution of the partnership, the profits of the business should be equally divided, and the losses, if any, should be borne in equal proportions. This paragraph of the complaint further alleges that the plaintiff fully performed his part of the contract. It alleges, also, that the defendant failed to perform his part of the contract, in these particulars: He failed to build necessary fences; he sold part of the farm; he took possession of the property of the partnership on the 6th of October, 1884, converted it to his own use and refuses to account for it. It further alleges that the defendant is indebted to the plaintiff, by reason of his breach of the contract and appropriation of the partnership property, in the sum of two thousand dollars. The first paragraph of appellant's answer is the general denial; the second is, a plea of payment; the third and fourth both plead a set-off; the fifth counts upon a written contract, and avers that it constituted the only contract between the parties. The fifth paragraph also alleges that, on the 19th day of January, 1883, the plaintiff and defendant had a full and final settlement of all their partnership and individual transactions; that by the settlement and accounting it was ascertained and determined that the defendant was indebted to the plaintiff in the sum of five hundred and ninety-eight dollars, and that it was on the basis of this accounting and settlement that the written contract was executed; that, on the 19th day of January, 1884, they had a full and final accounting, wherein it was ascertained and agreed that the stock on hand belonged to the defendant, and was of the value of two thousand one hundred and ninety-eight dollars; that the plaintiff cultivated the farm during the year 1884; that the defendant has received from the sale of stock two thousand one hundred

and forty-eight dollars, and that the plaintiff sold stock to the value of four hundred and thirty-four dollars, and appropriated the proceeds to his own use; that the partnership was dissolved by mutual consent on the 10th day of October, 1884, and that the plaintiff is indebted to the defendant in the sum of four hundred dollars. The third paragraph of the reply is addressed to the fourth and fifth paragraphs of the answer, and avers that the defendant is indebted to him in the sum of five thousand dollars, which is due and unpaid, and that a bill of particulars is filed. The fourth paragraph of the reply is directed to the third and fourth paragraphs of the answer, and alleges that there was a mistake in the accounting, and states the nature and particulars of the mistake. The fifth paragraph is addressed to particular items of the appellant's set-off.

A set-off may be pleaded to a set-off. If the third paragraph of the reply does sufficiently plead a set-off, it is good. It does sufficiently plead a set-off unless the absence of a bill of particulars makes it bad. No bill of particulars was filed with the reply, and under the authorities this would make the paragraph insufficient upon demurrer, since without such a bill there is nothing in the pleading to inform the defendant of the nature of the claim. The general allegation of indebtedness is not sufficient. *Wolf* v. *Schofield*, 38 Ind. 175; *City of Connersville* v. *Connersville, etc., Co.*, 86 Ind. 235. Ordinarily the remedy for uncertainty is by motion, but there are cases where the defect may be reached by demurrer, and this is one of them. If, therefore, the demurrer is sufficient to properly challenge the reply, it must go down. But it is not everything called a demurrer that is a demurrer. The law declares what a demurrer to a reply shall be, and what causes it shall assign. A party who will not obey the command of the law in drawing his demurrer has no just reason to complain if the courts decline to sustain it. The cause assigned for demurrer is, that " the reply does not state facts sufficient to constitute a good reply to the defendant's answer to which

it is directed." There is no such cause of demurrer recognized by the code, for it provides that the cause for demurrer shall be " that the facts stated therein are not sufficient to avoid the paragraph of answer." Section 357, R. S. 1881. The decisions and the statute condemn the demurrer of appellant. *Lane* v. *State,* 7 Ind. 426 ; *Tenbrook* v. *Brown,* 17 Ind. 410 ; *Gordon* v. *Swift,* 39 Ind. 212 ; *Reed* v. *Higgins,* 86 Ind. 143 ; *Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121 ; *Grubbs* v. *King,* 117 Ind. 243. It is not just to permit a party who will not conform to a plain provision of the code to impose upon the courts the burden of aiding a defective demurrer. It would be quite as proper for them to set to work to aid a defective answer or complaint as to supply defects in a demurrer, where the defects are such as to constitute a radical departure from the requirements of the statute.

What we have said of the demurrer to the third paragraph of the reply disposes of the demurrers to the fourth and fifth paragraphs. The result is that there is no valid demurrer to the reply in the record, and, therefore, no pleading is challenged by demurrer.

There is certainly one good paragraph in the complaint, and consequently the motion in arrest of judgment was properly overruled.

The question whether the court did right or wrong in submitting the cause to a jury is not properly in the record. It is not shown that it was done over the objection and exception of the defendant, nor is the question presented in the motion for a new trial. The presumption is that the trial court did right. A party who seeks a reversal must affirmatively show prejudicial error, and that the question was duly presented to the trial court.

The second paragraph of the complaint entitled the appellee to some relief, and is, therefore, sufficient to repel a demurrer. *Bayless* v. *Glenn,* 72 Ind. 5. But there was no assault upon it by demurrer, and the question here presented is as to its sufficiency after verdict. That it is sufficient we

have no doubt. It was not error for the court to admit evidence under that paragraph, nor to render judgment upon it. A party can not challenge the sufficiency of a pleading by objecting to evidence or by a motion to set aside the verdict.

The evidence sustains the verdict, and the judgment is right on the substantial merits of the case.

Judgment affirmed.

Filed March 8, 1889; petition for a rehearing overruled May 7, 1889.