Filed March 11, 1893.

◆

No. 15,877.

FUNK, GUARDIAN, ET AL. *v.* RENTCHLER ET AL.

DEMURRER.—*Joint and Several.*—*Sufficiency of.*—*Assignment of Errors.* —*Several Assignment.*—*Sufficiency.*—A demurrer which is in the following form: "The plaintiff, Wm. H. Funk, as guardian, demurs severally to the second, third, and fourth paragraphs of separate answer of said Rentchler and wife, for the reason," etc., challenges the sufficiency of each of such paragraphs of answer; and an assignment of error based on the overruling of such demurrers, which is as follows: "The court erred in overruling the demurrers to the second and fourth paragraphs of amended answer, and each of them," is good not only as to the paragraphs jointly, but as to each separate paragraph.

GUARDIAN AND WARD.—*Insane Person.*—*Conveyance of Land by Ward.* — *Voidable Title.*—*Power of Guardian to Ratify.*—*Power to Convey.*— Where a person of unsound mind, previous to the adjudication of such unsoundness, and previous to the appointment of a guardian for such person, conveys land, the guardian of such person, afterwards appointed, can not, by any act of his, without being authorized by the proper court, convert such voidable title into a valid and unimpeachable one. A guardian of an insane person being powerless to convey land of his ward, without an order of the proper court, he has not the power to do such acts, in ratification of a conveyance by his ward, as are the equivalent of a conveyance, for a guardian can not do, without the direction of the court, that which his ward was powerless to do before restoration to reason, so as to affect the title to his ward's lands.

SUPREME COURT PRACTICE.—*Points in Record not Suggested by Counsel and not Perceived by the Court.*—*Rehearing.*—Where the record contains points which counsel do not suggest on the original hearing, and the court does not perceive, such points will not be considered on petition for a rehearing.

SAME.—*Questions of Practice.*—*How Construed.*—The Supreme Court does not favor an unduly rigid construction of questions of practice.

From the Owen Circuit Court.

*S. A. Hays, D. E. Williamson* and *N. W. Williams,* for appellants.

*D. E. Beem* and *W. Hickam,* for appellees.

HACKNEY, J.—The appellants sued the appellees to set aside a conveyance by George Funk and the appellant Barbara Funk, his wife, to the appellee Henry Rentchler, because of the alleged unsoundness of mind of said George at the time of said conveyance, there having been no adjudication of such unsoundness of mind at the time of such conveyance.

The second paragraph of answer pleads generally that the guardian of said George, after his appointment as such, with full knowledge of all of the facts and circumstances alleged in the complaint, fully ratified and confirmed all the contracts and conveyances complained of.

The fourth paragraph pleads specially a ratification of said conveyance by the following alleged facts: On the 15th of March, 1888, and after such conveyance, a petition was filed in the Owen Circuit Court upon which a trial was had, and said George Funk was adjudged a person of unsound mind, and the appellant William Funk was duly appointed guardian; "that at the time of the appointment and qualification of said Funk as guardian, it was agreed between the plaintiff as such guardian, by his counsel, and by defendant Henry Rentchler, by his counsel, that in consideration of said Rentchler paying all costs of witnesses made on behalf of said defendant George Funk, upon the proceedings to so have the said Funk declared of unsound mind; that all the contracts theretofore made by said George Funk and said Henry Rentchler, of which the said conveyances complained of in the complaint were the only ones, should stand and be ratified by said guardian, a copy of which said con-

tract is filed herewith, marked 'Exhibit B,' and made part hereof; that plaintiff, as such guardian, after the execution of said agreement, and with full knowledge of all the matters in any way affecting the legal rights of his said ward, did so adopt, ratify and confirm said sale and conveyance so made by his said ward to Henry Rentchler, as provided in said agreement, by permitting said Henry to pay all costs of defendants' witnesses in said action, amounting to $100 and more, for all of which the estate of said ward was liable, and by accepting the benefits of said payment for his said ward's estate, and further by permitting and inducing the defendants to remain in possession," improving the land, erecting new buildings, etc., at the cost of $1,000, and to pay the assignee of said ward a purchase-money note for $525. The agreement made a part of this paragraph is as follows: "It is agreed that this suit shall be compromised, the defendant Rentchler paying his own witnesses, the plaintiff paying the balance of the costs, and where witnesses have been subpœnaed by both parties, and kept here, the fees of such witnesses shall be divided between the parties; and where witnesses have been subpœnaed by both parties and discharged by either party, the party keeping such witnesses here after they have been discharged by the other party, shall pay their fees after the other party has discharged them. All the contracts heretofore made by George Funk, Henry Rentchler, and Andrew Sheerin shall stand and be ratified by the guardian to be appointed, in such manner as will make said contracts effectual, except the cellar, which is to be $150 instead of $160; all else to be as heretofore entered into between the parties. What is meant by the defendant is Henry Rentchler.

(Signed)        "FOWLER & PICKENS.
                          "BEEM & HICKAM."

Funk, Guardian, *et al. v.* Rentchler *et al.*

The appellants' demurrer to these two paragraphs of answer is as follows:

"The plaintiff Wm. H. Funk, as such guardian, demurs severally to the second, third, and fourth paragraphs of separate answer of said Rentchler and wife, for the reason that neither of said paragraphs contains sufficient facts in law to constitute a defense to plaintiff's complaint."

The court overruled this demurrer, and plaintiff excepted, and assigns such ruling as error in the following form: "That the court erred in overruling the demurrers to the second and fourth paragraphs of amended answer and each of them."

The appellee contends that the demurrer is not in the statutory form, and that both the demurrer and the assignment of error thereon are joint as to the paragraphs, and that if either paragraph is sufficient no available error is presented. If the demurrer and assignment of error may be so construed, the result contended for would follow, but we think the demurrer is unobjectionable in form, and challenges the sufficiency of each paragraph. *McFadden* v. *Fritz*, 110 Ind. 1; *Lewellen* v. *Crane*, 113 Ind. 289; *Ross* v. *Menefee*, 125 Ind. 432; *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75; *Carver* v. *Carver*, 97 Ind. 497; *Stone, Admr.*, v. *State, ex rel.*, 75 Ind. 235, *Reed* v. *Higgins,Admr.*, 86 Ind. 143.

We conclude, also, that the assignment of error is sufficient to present the ruling upon demurrer with reference to the paragraphs jointly and severally. Section 337, Elliott's App. Proced.

The sufficiency and character of the assignment of error is usually tested by the same rule by which the sufficiency of a demurrer is tested, and here, we think, the assignment is good not only as to the paragraphs jointly, but as to each separate paragraph. Our conclusion as to

the sufficiency of the paragraphs renders it unimportant whether the demurrer and assignment are joint or several.

The second answer alleged no facts from which a ratification could be found, but contained mere conclusions of the pleader. The conclusions are not sufficient to withstand a demurrer. *Copenrath* v. *Kienby*, 83 Ind. 18.

The fourth paragraph of answer sets up the pendency of legal proceedings to determine the sanity of the grantor, George Funk. From the agreement pleaded, it appears that the appellee Henry Rentchler was defending that suit. After a three days' trial, the attorneys for the petitioner and for the appellee, designated as "the defendant," made the alleged ratification agreement whereby it was stipulated that Henry should pay certain costs of that proceeding, and that the conveyance, in this suit involved, should "stand and be ratified by the guardian to be appointed, in such manner as will make said contracts effectual."

It will be remembered that the answer alleged that this agreement was made "at the time of the appointment and qualification of said Funk as guardian." The appellee contends that the answer should be construed as pleading the execution of said agreement after the appointment of said guardian. While we regard it as of little importance to a proper decision of the sufficiency of the answer, we can not agree to the proposition. We think that the mere statement of the allegations of the pleading, as we have given them, refutes the proposition. From the allegation last quoted, the appointment and the execution of the agreement were concurrent acts, but when we consider the whole paragraph with the agreement, as the appellee makes it a part of his answer, it is clear that the agreement was prior to the appointment. It appears that the conveyance was

to "stand and be ratified by the guardian to be appointed," in such manner as to make said conveyance effectual. We are unable to comprehend how this agreement can be construed as the act of the guardian, and certainly it can not be contended that George Funk can be estopped by the agreement of strangers executed as an incident to a proceeding to declare him a person of unsound mind. To support the contention of the appellee that the agreement is binding as the act of the guardian, in creating an estoppel against the ward, we have but one authority cited, Perry on Trusts, sections 507, 508. The author there states the authority of a trustee in the exercise of recognized discretionary powers. It is not to the point that a trustee or guardian has discretionary power to affirm a voidable sale of his ward's land, nor have we been able to find an authority to that point.

. We apprehend no question of the proposition that the position of the insane ward and his guardian, so far as the questions here involved are concerned, is precisely that of an infant and his guardian. In the case of an infant, it is a rule, without exception, that he can not, during his minority, so ratify a voidable contract as to be estopped, when he has reached his majority, to disaffirm such contract. Field on the Law of Infants, etc., section 17, and authorities there cited. A guardian may not do, without express authority, that which the infant could not do to affect the title to the lands of such ward. The guardian has no power to convey the lands of his ward without pursuing the course defined by statute. It can not be possible that he may do, by estoppel *in pais*, that which he may not do by express grant. A contract by a guardian to sell his ward's lands, without authority to make such sale, is void. *Worth* v. *Curtis*, 15 Me. 228. Such a contract is certainly stronger than acts *in pais*. A ratification should be equivalent to a new con-

tract. *Goodsell* v. *Myers,* 3 Wend. 480. Being power-
less to convey without an order of the proper court, the
guardian has not the power to do such acts, in ratifica-
tion, as are the equivalent of a contract of conveyance.
In this state, it is doubtful if we have any guardians
except such as are authorized by statute, and it is quite
certain that a statutory guardian has no power to dis-
pose of the lands of his ward except by a substantial
compliance with the statutory requirements.

It has been held that a conveyance under a proper
order of the court is not valid until confirmed by the
court. *Hammann* v. *Mink,* 99 Ind. 279; *Maxwell* v.
*Campbell,* 45 Ind. 360. Much less should title be passed
or confirmed by acts of omission on the part of the
guardian.

Recognizing this rule, the appellee insists, that the con-
veyance having been made by the ward, and the same
being voidable, no conveyance was required from the
guardian; that it only remained for the guardian to af-
firm or disaffirm the conveyance, and that to do this re-
quired no order of court. In other words, it is con-
tended that the guardian by acts of omission only, for
we have seen that the affirmative conduct of the guardian
was before the appointment of a guardian, converted the
voidable conveyance of his ward into a valid and unim-
peachable title. As we have already shown, the guardian
could not do, without the direction of the court, that which
his ward was powerless to do before restoration to reason,
so as to affect title to lands. We do not desire to be under-
stood as deciding what would have been the effect of the
receipt, by the guardian, of the purchase money con-
tracted to be paid to the ward, either as it may have re-
lated to the confirmation of title or to the liability of the
guardian to the purchaser or his ward.

In the view we have taken of the sufficiency of the two

answers of estoppel, it will be unnecessary to consider other questions made by the record and arguments of counsel for appellant.

The judgment is reversed, with instructions to the court below to sustain the appellant's demurrer to the second and fourth paragraphs of answer.

Filed Feb. 18, 1893.

## ON PETITION FOR A REHEARING.

HACKNEY, J.—The appellees, with great earnestness and skill, press upon us their petition for a rehearing. They urge us to recall our decision that the demurrer set out in the original opinion is sufficient in form. The argument of counsel, on the original hearing, was directed to the contention that the demurrer was to the paragraphs of answer jointly, and not severally. Any further point against the demurrer is contained in the following, which we quote from the brief of appellees' counsel:

"In the second place, we suggest that the instrument referred to as constituting the 'demurrers' to the 'second and fourth paragraphs' of answer is not sufficient to invoke the judgment of the court upon the sufficiency of the paragraphs referred to. Section 346, R. S. 1881, provides that where the facts stated in any paragraph of answer are not sufficient to constitute a cause of defense, the plaintiff may demur to it, under the rules prescribed for demurring to a complaint. A strict compliance with the statute governing demurrers has always been required by the courts. This demurrer, under this rule, is not sufficient. *Peden* v. *Mail,* 118 Ind. 556."

The case cited holds insufficient a demurrer to a reply, stating as cause therefor that the facts are not sufficient to constitute a good reply. It is now insisted that the point was originally made that the words "in law," as

employed in the demurrer, defeated its force, in that it did not challenge the sufficiency of the pleading as stating an ''equitable'' defense.

We have stated all of the argument of counsel, and think it manifest that no such point was presented.

In *Martin* v. *Martin*, 74 Ind. 207, it is said: ''If there are points in the record which counsel do not suggest, and we do not perceive them, there are numerous decisions that we will not consider such points on a petition for a rehearing.'' We confess to have observed no such point as that now ingeniously urged by counsel in their brief. The following cases are cited in support of the petition: *Lane* v. *State*, 7 Ind. 426; *Tenbrook* v. *Brown*, 17 Ind. 410; *Gordon* v. *Swift*, 39 Ind. 212; *Kemp* v. *Mitchell*, 29 Ind. 163; *Porter* v. *Wilson*, 35 Ind. 348; *Cincinnati, etc., R. R. Co.* v. *Washburn*, 25 Ind. 259. All of these cases were reviewed in *Petty* v. *Board, etc.*, 70 Ind. 290, and a different interpretation given them from that contended for by appellees. The following additional cases are cited by the appellees: *Martin* v. *Martin*, *supra*; *Pine Civil Tp.* v. *Huber Mfg. Co.*, 83 Ind. 121; *Reed* v. *Higgins, Admr.*, 86 Ind. 143; *Grubbs* v. *King, Assignee*, 117 Ind. 243; *Peden* v. *Mail, supra*; *Firestone* v. *Werner*, 1 Ind. App. 293.

In each of these cases, as in all other cases cited, we find some element omitted from the demurrer, the presence of which was essential to its sufficiency. The contention here is not that anything has been omitted from the pleading, but that it contains two words which qualify and limit its operation, in that it does not question the sufficiency of the answers as stating equitable defenses. We can not hold that the pleader used the words in a technical and limited sense, since, under our code, we have no distinct forms of action, and the rules of pleading are defined without reference to any distinction be-

tween actions at law and in equity. The appellee insists upon a strict construction, and the application of rigid technical rules, and cites the cases last named as supporting his contention. We do not favor adherence to unduly rigid construction in questions of practice. If we had, we would have ended this opinion where we quoted from *Martin* v. *Martin, supra.* The following cases illustrate the liberality of construction in considering the form of demurrers by this court, in each of which it was upheld: *Bennett* v. *Shern,* 11 Ind. 324—''Does not state matter sufficient to constitute any defense;'' *Pace* v. *Oppenheim,* 12 Ind. 533—''Does not contain facts enough to entitle the plaintiff to relief;'' *Stanley* v. *Peeples,* 13 Ind. 232—''Does contain facts sufficient to enable plaintiff to sustain said action;'' *Petty* v. *Board, etc., supra*—''Does not state facts sufficient;'' *Young* v. *Warder,* 94 Ind. 357—''Does not state facts sufficient to constitute a good defense to plaintiff's said cause of action;'' *Ross* v. *Menefee,* 125 Ind. 432—''That neither of said paragraphs states facts sufficient.'' In *Blinks* v. *State, ex rel., etc.,* 48 Ind. 172, ''ground of action,'' in a demurrer, was held the equivalent of ''cause of action.''

We do not find it necessary in the case in hand to apply rules of great liberality in holding the demurrer sufficient.

The petition is overruled.

Filed March 31, 1893.