## GISE v. COOK ET AL.

### [No. 18,684. Filed January 4, 1899.]

PLEADING.—*Complaint.*—*Account, Action on.*—A complaint alleging that the "plaintiff and defendants have had mutual dealings for two years, each keeping his own accounts, the items of which are numerous; * * * that there is due plaintiff as a balance on said mutual accounts about $200," demanding an accounting and judgment, is insufficient, where the nature of the dealings between the parties is not stated and no copy of the account is made part of the complaint.

From the St. Joseph Circuit Court. *Affirmed.*

*Talbot & Talbot,* for appellant.

MONKS, C. J.—Appellant brought this action against appellees. Appellees' demurrer to the complaint for want of facts was sustained, and appellant refusing to plead further, judgment was rendered against him on demurrer.

It is insisted by appellant that the court erred in sustaining the demurrer to the complaint. It is alleged in the complaint that the "plaintiff and defendants have had mutual dealings for two years, each keeping his own accounts, the items of which are numerous; that at various times before this day, September 12, 1896, the plaintiff offered to produce his accounts, and requested the defendants to produce theirs, in order to come to a settlement of the said accounts, but the defendants refused to produce their accounts and to come to an adjustment; that there is due the plaintiff, as a balance on said mutual accounts, about $200." Prayer for accounting and judgment.

Appellant contends that the complaint was sufficient to withstand the demurrer, for the reason that "equity assumes

jurisdiction when accounts are mutual." Whether or not this action was one of equitable jurisdiction prior to the code of civil procedure is not material, because such fact only goes to the question of whether the cause is triable by the court or jury, and cannot affect the sufficiency of the complaint. Section 341 Burns 1894, section 338 Horner 1897, provides that a complaint shall contain "a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Section 365 Burns 1894, section 362 Horner 1897, provides that "when any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading."

The complaint in question does not comply with the requirements of these sections. It does not state the nature of the dealings between appellant and appellees. The allegations in this respect are not such that a person of common understanding can know what is sued for, whether it is work or labor, goods, wares and merchandise, money had and received, or what. The allegation that there is due appellant, as a balance on said account, about $200, is a mere conclusion of the pleader, and not the statement of a fact. It is alleged that each party kept his account, yet appellant has not filed his account, or a copy of it, with the complaint as an exhibit, or otherwise made the same a part of the complaint as required by sections 365, 362, *supra*. The complaint was, therefore, insufficient for this reason. *Peden* v. *Mail*, 118 Ind. 556; *Lassiter* v. *Jackman*, 88 Ind. 118, 120; *City of Connersville* v. *Connersville, etc., Co.*, 86 Ind. 235; *Wolf* v. *Schofield*, 38 Ind. 175.

It is manifest that the court did not err in sustaining the demurrer to the complaint. Judgment affirmed.