## WULSCHNER-STEWART MUSIC COMPANY *v.* HELFT.

[No. 6,963.   Filed February 25, 1910.]

1.  WORK AND LABOR.—*Money Advanced.—Complaint.—Bills of Particulars.*—In an action for commissions on sales, and for money expended, a complaint which shows neither by its averments nor by the bill of particulars thereto attached that the commission was earned, nor that such money was advanced by the plaintiff, is not sufficient, a general allegation of indebtedness being insufficient.   p. 428.
2.  PLEADING.—*Common Counts.—Code.*—The common counts, as established by the common law, are sufficient under the Indiana code, but a common count which fails to allege that the work sued for was done, or that the money sued for was advanced by the plaintiff, is bad.   p. 429.
3.  APPEAL.—*Defective Pleadings.—Evidence Not in Record.—Right Result.*—Where the pleadings alone are in the record, the Appellate Court is unable to tell whether a correct result was reached. p. 429.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by Walter Helft against the Wulschner-Stewart Music Company. From a judgment for the plaintiff, defendant appeals. *Reversed.*

*Crane & Miller* and *J. Harvey Caldwell,* for appellant.

*Frank S. Rawley, Isaac Torner* and *Frank W. Snider,* for appellee.

ROBY, J.—Appellee's complaint is in one paragraph. Its averments are that defendant is a corporation; "that defendant is indebted to plaintiff for commission as a salesman for defendant in the sum of $500, which is now due and wholly unpaid; that defendant is indebted to plaintiff for wages and expense money advanced for and in behalf of said defendant, in the sum of $75, which is now due and wholly unpaid." Upon motion the court

required him to furnish a bill of particulars, which was done. Such bill is in form as follows:

"Walter Helft,
v.
Wulschner-Stewart Music Co.

Vose piano sold to Peter Denkleman, July 11, 1905, Terre Haute, $5."

The item set out is one of fifty-six. There is nothing in the complaint or bill of particulars showing that the commission specified was earned or the wages and the expense money advanced by plaintiff. The bill of particulars, reference to which may be made to cure the defect in the body of the pleading, is ineffective for that purpose. The general allegation of indebtedness is insufficient to inform defendant of the nature of the claim against it. *Peden* v. *Mail* (1889), 118 Ind. 556; *Gise* v. *Cook* (1899), 152 Ind. 75; *Brickey* v. *Irwin* (1890), 122 Ind. 51.

It is contended that the complaint is sufficient as a common count. The sufficiency of the common count as a complaint is established by the decisions, although logically not in accord with code provisions. *Southern R. Co.* v. *Hazlewood* (1909), *post*, 478. The absence of the averment that the work was done, or that the money was advanced by plaintiff, is as fatal at common law as under the statute. Stephen, Pleading, 378, 387.

The evidence is not in the record, and in its absence we are unable to say that the right result was reached.

The judgment is reversed and cause remanded, with instructions to sustain appellant's demurrer to the complaint.