KING v. SIPLEY.

1. COMPETENCY—GUARDIAN—POWER TO RATIFY—FRAUD.
    A guardian has no authority to ratify the deed of his incompetent ward, and therefore could not maintain an action at law for fraud in an exchange of realty with his ward, thereby affirming the transaction, but must bring suit in equity where the rights of all persons may be properly protected.

2. SAME—DEEDS—VALIDITY.
    The deed of an incompetent is voidable.

3. SAME—RATIFICATION.
    Unless the deed was ratified or repudiated by the incompetent at a time when she became competent, the right to ratify or repudiate the instrument passes on her death to her heirs.

Error to Kalamazoo; Knappen, J. Submitted April 17, 1911. (Docket No. 64.) Decided June 2, 1911.

Case by Ella P. King, by George Knowles, her guardian, against John A. Sipley for fraud. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Cole & Goembel* and *David Anderson*, for appellant.
*Frost & Farrell*, for appellee.

BLAIR, J. This is an action on the case to recover damages for fraud and deceit alleged to have been practiced by defendant upon plaintiff's ward on an exchange of real estate. The declaration alleges, among other things:

That at the time of the transaction:

"The said Ella P. King at that time being an old lady, of the age of 75 years and upwards, and feeble in mind and body, and easily influenced, and mentally incompetent to transact any business whatever, or to know the value of property, or to understand the nature of a business transaction, * * * was the lawful owner, in fee simple, of the following described property, to wit. * * * That said property was free and clear from all incumbrances whatever, except one mortgage of $200, and that said property was of great value, to wit, of the value of $2,500. * * *

"That the said defendant, with the full knowledge of all the facts and circumstances as above set forth, and with the full knowledge of the mental incompetency of the said Ella P. King, and well knowing that she, the said Ella P. King, was mentally incompetent to transact any business whatever, that she was old and feeble in mind and body, and easily influenced, and knew nothing whatever of the value of property, falsely, fraudulently, dishonestly, and corruptly intending to cheat, wrong, and defraud the said Ella P. King," made certain false representations to her as to the character and value of the real estate he proposed to deed to her.

"That the said Ella P. King believed and relied upon the said representations so made as aforesaid by the said defendant; and that by reason of the mental condition of the said Ella P. King, and by reason of the confidence and trust she, the said Ella P. King, had in said defendant, and believing and relying upon the representations so made as aforesaid, she, the said Ella P. King, was influenced to give to the said defendant and his wife, Rose E. Sipley, a warranty deed of her said property above described. * * *

"Plaintiff avers that later on, and on, to wit, the 2d day of October, A. D. 1909, the said defendant caused a deed of the last above described piece of property to be made by one Simeon J. Brown and his wife, Lydia J.

Brown, who are the stepfather and mother of said defendant, to the said Ella P. King and John W. King, her husband.    That said property was of small value, to wit, of the value of $800, or thereabouts.    *    *    *

"Plaintiff avers that the said Ella P. King, by reason of her extreme old age and mental incompetency, and her inability to know or understand anything concerning a business transaction, and by reason of the confidence and trust she placed in the said defendant, and relying upon the representations made by said defendant, as above set forth, which said representations were material representations and relied upon by the said Ella P. King, and which said representations were false and untrue, and which said representations were made by the said defendant to the said Ella P. King for the purpose of overreaching, cheating, wronging, and defrauding her, the said Ella P. King, out of her property herein described, and by reason thereof she, the said Ella P. King, was overreached, cheated, wronged, and defrauded out of her said property as aforesaid, to the damage of the said Ella P. King of $2,500, whereof an action has accrued to the said George A. Knowles, as guardian of the said Ella P. King, as aforesaid, and therefore he brings suit."

The circuit judge instructed the jury that:

"There is no evidence in this case that the defendant made any false representations to Ella P. King as alleged in the declaration.    The plaintiff claims that their client was not in a condition to understand or give any testimony on that subject, that she is a mentally incompetent person.    The plaintiff in this case claims that the trade of property and the conveyance of the Walbridge street property by Ella P. King was made at a time when the said Ella P. King was mentally incompetent to transact business.    Whether or not she was mentally incompetent at that time is a question for your determination, and the burden of proof is on the plaintiff to show that she was mentally incompetent at that time.    I instruct you that what the law means by being mentally incompetent is that her condition of mind at that time must have been equivalent to legal insanity.    That is, she must have been in such a condition of mind as to render her incompetent to have charge of any affairs or to do any business.    That language is taken from a Supreme Court decision.    If her condition did not extend that far at that time, then she

should not be found by you to be incompetent. If she has sufficient sense and judgment to transact the business of ordinary affairs pertaining to her situation in life, then she is not to be found by you incompetent. * * *

"If the plaintiff has failed to satisfy you by a fair preponderance of the evidence that Mrs. King was mentally incompetent to transact business at the time of this trade, then there is nothing further for you to consider in this case, and your verdict should be for the defendant of no cause of action. If you find under the evidence and these instructions that Ella P. King was in fact mentally incompetent at the time of this trade, still you are not authorized to render a verdict against the defendant unless you are further satisfied by a preponderance of the evidence in this case that Mr. Sipley knew of this fact, and knew that she was mentally incompetent and took advantage of her condition to defraud her. Even though she may in fact have been incompetent, yet, if Mr. Sipley did not know this, you have no right to render a verdict against him in this case, for the reason that this is an action based upon fraud and deceit, and it would be just as necessary for Mr. Sipley to have known that she was in that condition as it would be that she was mentally incompetent. If she was mentally incompetent, under these instructions, and Mr. Sipley knew that she was, and took advantage of that fact to make a trade with her, and he was the gainer and she the loser, then he would be liable. * * *

"I further instruct you that, if you find that the plaintiff is entitled to recover anything from the defendant, that amount shall be the difference between the fair market values of the property on Walbridge street and the property upon Fourth street upon the day that the contract for the exchange of the properties was entered into, subject to whatever incumbrances there were on either pieces of property at that time, together with any other sums of money that plaintiff may have paid to the defendant Sipley or to any one else for the benefit of the defendant Sipley, as the result of this alleged fraudulent transaction."

The plaintiff was duly appointed guardian of Mrs. King by the probate court some months after the transaction complained of. The jury rendered a verdict in favor of

the plaintiff for $1,300, and defendant has removed the case to this court for review.

Defendant's first proposition is that a guardian has no authority to affirm or ratify a conveyance made by a mentally incompetent ward so as to bind his ward or protect her grantee, and therefore the plaintiff cannot maintain this suit.

The verdict of the jury, under the instructions given, must be held to have established that at the time of the transaction Mrs. King was mentally incompetent within the meaning of the statute authorizing the appointment of guardians. Therefore the deed of Mrs. King was a voidable one. *Moran* v. *Moran,* 106 Mich. 8 (63 N. W. 989, 58 Am. St. Rep. 462); *Wolcott* v. *Insurance Co.,* 137 Mich. 309 (100 N. W. 569).

If she became competent during her lifetime, she might ratify or repudiate it, and, if she continued incompetent till her death, that right would pass to her heirs. *Rogers* v. *Blackwell,* 49 Mich. 192 (13 N. W. 512); *Grand Lodge A. O. U. W.* v. *Frank,* 133 Mich. 232 (94 N. W. 731).

Under our statutes, the guardian can only dispose of the real estate of his incompetent ward through proceedings in, and authority granted by, the probate court. To hold that the guardian may ratify a conveyance by a suit based upon the theory that title had passed to the grantee, who was liable to respond in damages because of inadequacy of consideration, would result in permitting the guardian to do indirectly what he could not do directly, and would open up an easy way for disposing of the real estate of incompetent persons.

We are satisfied that the guardian has no authority to ratify the conveyances of his ward, either directly or indirectly. *De Vries* v. *Crofoot,* 148 Mich. 183 (111 N. W. 775); 22 Cyc. p. 1174; *Funk* v. *Rentchler,* 134 Ind. 68 (33 N. E. 364, 898); *Gingrich* v. *Rogers,* 69 Neb. 527 (96 N. W. 156).

The remedy of the plaintiff is in a court of equity,

where the rights of all parties can be protected. *Moran* v. *Moran, supra.*

In view of this conclusion, it becomes unnecessary to consider other questions.

The judgment is reversed, without a new trial, and without prejudice to further proceedings in accordance with this opinion.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.