## CANNON v. CASTLEMAN.

[No. 2,930.    Filed Nov. 2, 1899.    Rehearing denied Feb. 20, 1900.]

APPEAL AND ERROR.—*Pleading.*—Where there was a general finding for plaintiff on a complaint consisting of three paragraphs and it cannot be determined that the finding was based upon any particular paragraph, if either paragraph was insufficient on demurrer, the error in overruling a demurrer thereto is available on appeal. *p. 190.*

COMPLAINT.—*Account.— Bill of Particulars.— Brokers.—Action for Commission.*—A complaint in an action to recover a commission for the sale of real estate based upon one item alone, which is set out, is not objectionable on demurrer on the ground that no bill of particulars was filed with the complaint. *p. 190.*

SAME.—*Sufficiency.*—The fact that the prayer for relief was injected in a paragraph of complaint in an action for commission for the sale of real estate before the averment as to the value of the services did not affect the sufficiency of the complaint. *pp. 190, 191.*

MOTIONS.—*Venire de Novo.*—A motion for a *venire de novo* may be made at any time before final judgment. *p. 191.*

EVIDENCE.—*Brokers.—Action for Commission.*—In the trial of an action for commission for the sale of real estate, the deeds of conveyance transferring the title to the lands in question to the purchasers procured by plaintiff were properly admitted in evidence. *p. 192.*

From the Marshall Circuit Court.    *Affirmed.*

*J. D. McLaren* and *H. R. Robbins,* for appellant.

*J. W. Nichols, C. C. Kelley, L. M. Lauer* and *W. C. Pentecost,* for appellee.

BLACK, J.—The appellant has presented the question as to the sufficiency on demurrer of each of the three paragraphs of the appellee's complaint.

In the first paragraph it was alleged that the appellant "is indebted to plaintiff in the sum of $500 for commission due to plaintiff for the sale of 520 acres of land for defendant, at his [defendant's] special instance and request; that said sum is justly due and wholly unpaid. Wherefore plaintiff prays judgment for $600; that said commission is reasonably worth $500."

In the second paragraph of complaint it was shown that on or about May 3, 1895, the appellee and appellant entered into a verbal contract by the terms of which it was agreed that if the appellee would procure and furnish a purchaser for certain real estate owned by the appellant, and other lands in the appellant's hands for sale, amounting to 520 acres, the appellant would pay the appellee the sum of $500; that, relying upon said agreement, and in pursuance thereof, the appellee procured two purchasers named for said lands, to whom the appellant sold the same; that the appellee has fully performed his part of the agreement, but that the appellant has wholly failed, neglected, and still refuses to pay said sum to the appellee, or perform his part of said contract; that the appellee has demanded the performance by the appellant of said agreement, and the appellant has refused so to do; that said sum is due and wholly unpaid; wherefore, etc.

In the third paragraph it was alleged that on or about the 3rd day of May, 1895, the appellee was engaged in the business of real estate broker in the town of Knox, Starke county, Indiana; that the appellant was the owner of 320 acres of land in said county, which he desired to sell; that he also desired to find purchasers for 160 acres of land owned by Henry R. Robbins, and forty acres owned by Benjamin F. Howard, which adjoined appellant's land; that on or about said day, the appellant employed the appellee to procure and bring to him a purchaser for said tract of 520 acres, and agreed to pay appellee for so procuring a purchaser the sum of $500; that relying upon said agreement and employment, the appellee procured and introduced to the appellant Samuel Jack and Alfred C. Steenburg, who desired to purchase appellant's lands, as aforesaid, and the 200 acres adjoining; that the appellant sold and conveyed said lands to said Jack and Steenburg and the lands so owned by Robbins and Howard as aforesaid; but that the appellant has wholly failed and refused to pay the appellee his com-

mission, as agreed upon in said sum of $500, although often requested so to do; that appellee's services as a real estate broker, in procuring purchasers for said real estate, are worth $500; that the same is due, and wholly unpaid; wherefore, etc.

The answer was a general denial. Upon trial by the court there was a general finding, in favor of the appellee, that there was due him from the appellant, "on account of the matters and things alleged in his complaint, the sum of $500 with six per cent. interest," etc.; and judgment was rendered in accordance with the finding.

The finding being general, it can not be determined that it was based upon any particular paragraph of the complaint, and, therefore, if any paragraph was insufficient on demurrer, the error in overruling the demurrer thereto is available on appeal.

The second paragraph proceeded upon an express contract, and the third likewise, it being also averred in the third that the service was worth the contract price. Though these paragraphs, especially the second, might have been more definite, yet we think they were each sufficient on demurrer.

There is more difficulty in upholding the first paragraph against attack by demurrer. It was not necessary to file with it a bill of particulars.

It is true that a complaint upon an account for work and labor is insufficient if no account be filed with it. *Wolf* v. *Schofield*, 38 Ind. 175; *Biddle* v. *Reed*, 33 Ind. 529; *Peden* v. *Mail*, 118 Ind. 556. But it was decided in *Brooklyn, etc., Co.* v. *Slaughter*, 33 Ind. 185, that when a complaint states, in the body of it, a good cause of action, specifying its nature, not upon a general account of several items, but upon one item alone, which is set out, it cannot, under the code, be objected to on demurrer, on the ground that no bill of particulars is made a part of it. See, also, *Wagoner* v. *Wilson*, 108 Ind. 210; *McCoy* v. *Oldham*, 1 Ind. App. 372; *Davis* v. *Jenkins*, 14 Ind. 572. Nor do

we think the fact that the prayer for relief was injected before the last averment in the paragraph, relating to the value of the service, necessarily affected the sufficiency of the pleading. The chief difficulty is that it is not stated with desirable certainty that the service was rendered by the plaintiff. It seems to have been regarded as substantially so stating. No objection to the paragraph on that ground is urged here. With some hesitation we have concluded that the paragraph may be held sufficient.

A motion to require the appellee to make the complaint more specific was overruled. The appellant has not in argument pointed out any specific matters stated in his motion, which as to each paragraph stated a great many particulars in which it was asked by the motion that the paragraph in question should be made more specific. We are referred, in argument upon the motion, to the argument upon the demurrers to the complaint, and, in effect, requested to apply it to the motion to make more specific. But much of the argument upon the demurrers relates to supposed objections to the pleading not embraced in the motion. We cannot conclude it to be our duty to examine the numerous specifications in the motion, in the absence of any reliance in argument upon any of them specifically.

There was a former trial by jury and a special verdict was returned. At the next term of court, no judgment having been rendered, the appellee was permitted to move for a *venire de novo*, and the court sustained the motion.

There could be no serious question that the verdict was not sufficient for the rendition of a judgment thereon. It was not necessary that the motion for a *venire de novo* should be filed at the term at which the verdict was rendered, as required by the statute with regard to a motion for a new trial. It was held in *Barker* v. *Hubble*, 75 Ind. 580, that the motion for a *venire de novo* "is one which may be made at any time before final judgment on the finding."

The appellant's motion for a new trial was overruled. There was evidence sufficient to sustain the court's finding in favor of the appellee. There was no error in admitting in evidence certain deeds of conveyance transferring the title to the lands in question to the purchasers procured by the appellee.

Judgment affirmed.