.BROWNSTOWN WATER AND LIGHT COMPANY ET AL. *v.* HEWITT.

[No. 9,498. Filed February 19, 1918.]

1. PLEADING.—*Bill of Particulars.*—In an action to recover commissions on the sale of bonds at a certain price, which sales were accepted and confirmed by defendants, it was not improper for the trial court to refuse a motion to require plaintiff to file a bill of particulars of the cause of action, where the facts alleged in the complaint raised the presumption that the information desired was at least equally within the knowledge of defendants. p. 646.

2. APPEAL.—*Review.—Harmless Error.—Refusing Motion for Bill of Particulars.*—Error, if any, in refusing a motion to require plaintiff to file a bill of particulars of the cause of action will not justify a reversal, where the averments of the complaint show that the desired information is equally within defendants' knowledge. p. 647.

3. APPEAL.—*Review.—Ruling on Demurrer.—Failure to File Memorandum of Defects.*—The trial court's ruling on the demurrer to the complaint for insufficiency of facts will not be reviewed on appeal, where the demurrer was not accompanied by a memorandum stating wherein the complaint was insufficient, as required by §344 Burns 1914, Acts 1911 p. 415. p. 648.

4. APPEAL.—*Review.—Harmless Error.—Failure to Make Findings.*—Defendants were not injured by the failure of the trial court to make detailed findings with reference to their answer of set-off and cross-complaint containing the same items as their set-off, where the court set off against plaintiff's claim all items claimed by defendants excepting seven dollars. p. 648.

5. APPEAL.—*Record.—Duty of Appellant.*—It is the duty of parties not satisfied with the general findings to take appropriate action in the trial court to have them amplified. p. 648.

From Marion Superior Court (96,936); *John J. Rochford,* Judge.

Action by Allen W. Hewitt against the Brownstown Water and Light Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*James M. Winters,* for appellants.
*Pliny W. Bartholomew,* for appellee.

DAUSMAN, J.—Appellee instituted this action against appellants to recover commissions claimed to be due him for the sale of bonds issued by appellant company. Trial by court resulted in a general finding and judgment for appellee in the sum of $394.12 and costs. The following errors are assigned: (1) Overruling appellant's motion for a bill of particulars; (2) overruling appellants' demurrer to the complaint; (3) failure to make a finding on appellants' set-off and cross-complaint; and (4) overruling appellants' motion for a new trial.

(1) Appellants filed a motion "that plaintiff be required to file with the court and attach to his complaint a true bill of particulars of his cause of action," etc. The following portion of the complaint is sufficient for an understanding of the question presented by this motion: "That on or about August 1, 1914, the defendants and each of them separately and jointly entered into a contract with plaintiff, as follows, to wit: The defendants and each of them employed plaintiff to find purchasers for and to place upon the market certain bonds of the defendant, The Brownstown Water and Light Company; that in pursuance thereof the said defendants and each of them promised to pay to the plaintiff a commission of ten per cent. of the par value of each and all of said bonds so placed and marketed by the plaintiff; the par value of each bond as above specified

being One Hundred Dollars. That the plaintiff accepted said proposition and entered upon and rendered his services to the defendants in accordance with said proposition, and as a result of plaintiff's labor and services the plaintiff disposed of and sold fifty-five bonds of the par face value of One Hundred Dollars each, amounting to Five Thousand Five Hundred Dollars ($5,500.00), which sale of said bonds was duly accepted and confirmed by the defendants and each of them.''

Appellants contend that the action is on an account, within the meaning of §113 of the Code of Civil Procedure (§368 Burns 1914, §362 R. S. 1881.) We will not enter upon an inquiry to determine whether this contention is technically correct. It will be sufficient to say that it does not appear that the information sought was peculiarly within the knowledge of appellee. On the contrary, it must be presumed from the facts alleged in the complaint that said information was at least equally within the knowledge of

2. appellants. Furthermore, if upon any view of the matter the overruling of the motion may be said to be erroneous, certainly it is not an error of the kind that will justify a reversal. See the following: 31 Cyc 565 *et seq; Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Brooklyn Gravel Road Co.* v. *Slaughter* (1870), 33 Ind. 185; *Wagoner* v. *Wilson* (1886), 108 Ind. 210, 8 N. E. 925; *McCoy* v. *Oldham* (1890), 1 Ind. App. 372, 27 N. E. 647, 50 Am. St. 208; *Peden* v. *Mail* (1889), 118 Ind. 556, 20 N. E. 493; *Cannon* v. *Castleman* (1899), 24 Ind. App. 188, 55 N. E. 111; *Miller* v. *Bottenberg* (1896), 144 Ind. 312, 41 N. E. 804; *Owen School Tp.* v. *Hay* (1886), 107 Ind. 351, 8 N. E. 220; *Fidelity, etc., Life Assn.* v. *McDaniel* (1900), 25 Ind.

App. 608, 57 N. E. 645; *Forrest* v. *Corey* (1901), 29 Ind. App. 159, 64 N. E. 45; Work's Practice §533. This case is readily distinguishable from *Schapker* v. *Schwetz* (1914), 56 Ind. App. 499, 105 N. E. 579, on which appellants have relied.

(2) The demurrer to the complaint was on the ground that it does not state facts sufficient to constitute a cause of action; but no memorandum was filed therewith as required by the Code of Civil Procedure. §344 Burns 1914, §339 R. S. 1881, hence the ruling on the demurrer will not be reviewed on appeal.

(3) Appellants filed answers in two paragraphs as follows: First, the general denial; and second, set-off. They also filed a separate additional pleading which they denominate "cross-complaint." This so-called cross-complaint contained the identical items contained in the second paragraph of answer—nothing more. It appears that the court allowed the entire claim thus set up by appellants against appellee, excepting only one item of $7, and deducted the amount thereof from the amount found to be due appellee on his complaint; and then made a general finding for the difference in appellee's favor. We are unable to perceive wherein appellants are in any manner injured by the failure of the trial court to make a more detailed finding with special reference to appellants' pleadings. In any event, if they were not satisfied with the record in this respect it was their duty to take appropriate steps in the trial court to procure an amplification thereof.

4. Six grounds for a new trial are specified in the motion therefor; but by the most liberal construction it may be said that only one is properly presented,

viz., (3) that the decision of the court is not sustained by sufficient evidence. We have considered the evidence, and we find that it fairly supports the finding. Judgment affirmed.

NOTE.—Reported in 118 N. E. 693.