PATTON ET AL. *v.* STATE BANK OF HARDINSBURG.

[No. 15,747. Filed June 1, 1938.]

*Noble H. Wible* and *Emmett C. Mitchell,* for appellants.

*Frank S. Houston,* for appellee.

CURTIS, P. J.—The action herein in the trial court was upon a promissory note and to foreclose a mortgage upon certain real estate and a chattel mortgage upon certain personal property all in Washington County, Indiana, given to secure said note.

The appellee's complaint was in one paragraph and alleged that on the 21st day of October, 1930, the appellants Charles S. Patton and Cecil R. McCoy became jointly and severally indebted to the appellee in the amount of $6,812.00 and executed their promissory note as evidence of such indebtedness and executed their joint mortgage upon certain real estate to secure payment of same; that for additional security the appellant Charles S. Patton executed a chattel mortgage to the appellee.

The complaint sought to foreclose both mortgages except as to certain real estate released from the security of the real estate mortgage and except certain personal property theretofore released from the lien of the chattel mortgage. To this complaint the appellant Cecil R.

McCoy filed a general denial and three affirmative paragraphs of answer.

These affirmative pleadings sought to avoid liability as against this appellant upon the theory, first, that said real estate mortgage had been fully paid, satisfied and discharged.

Second. That said note and real estate mortgage were executed by this appellant in consideration of a debt owing to said appellee from one Ernest Patton and upon no other consideration as to this appellant.

Third. That the promissory note was executed entirely in consideration of a debt of other persons and that no part of said consideration for said note was due or owing by this appellant and that the mortgage therefore was without consideration and said appellant prayed that said mortgage be adjudged invalid and of no force or effect as against him.

To these affirmative paragraphs of answer the appellee replied in general denial. Each of the other appellants filed general denials and additional paragraphs of answer asserting payment of the note sued upon and release of the mortgages, and want of consideration. To these affirmative paragraphs of answer the appellee filed general denials.

Upon said issues the cause was submitted to the court for trial without the intervention of a jury.

The court upon the request of each of the appellants made a special finding of facts and stated conclusions of law thereon. These were is favor of the appellee. Personal judgment was rendered thereon against the appellants Charles S. Patton and Cecil R. McCoy in the sum of $7,282.53 with costs and that the real estate mortgage be foreclosed as against each and all of the appellants.

To each of the conclusions of law the appellants duly excepted. Upon making up the issues each appellant

filed a motion to make the complaint more specific. These motions were overruled with exceptions.

Upon appeal to this court the errors relied upon for reversal are that the court erred in its rulings on the motions to make the complaint more specific and alleged error in each of the conclusions of law.

It is to be noted at the outset that the finding of facts is unchallenged and it will therefore be taken by this court to be full and correct.

The complaint was in the usual form upon a promissory note and for the foreclosure of a mortgage to secure the note. In addition to the general allegations, after describing the note and mortgages, each of which was made a part of the complaint, there are the following allegations: "That afterwards, to-wit, for valuable consideration the said plaintiff on the — day of ———, 19—, released their said mortgage on said real estate, so far as the same relates to that portion of said real estate which is thus described (here follows the description of one parcel of said real estate) and that afterwards, to-wit, on the — day of ———, 19—, the plaintiff for valuable consideration released that portion of the personal property described in said chattel mortgage, which is thus described (here follows a description of the personal property released)."

Sadie Patton, one of the appellants, was made a party to said proceeding because of an interest which she claimed in said real estate.

The motion to make more specific, which has heretofore been mentioned, asked the court to require the plaintiff to furnish the dates left blank, as above shown, and asked the court to require the plaintiff to state in detail what the valuable consideration was which it received when said partial release of mortgages were executed. The finding of the court showed that the partial releases of mortgages were

matters of public record at the time the complaint was filed and that the appellants also had as full and complete knowledge as to the matter of said consideration as the appellee had. Under these circumstances, we find no reversible error in the action of the court in overruling the motion to make more specific.

It may be stated generally that a pleading will not be required to be made more definite and certain in respect to matters which are equally accessible to both parties. Neither will there be any reversible error in the trial court's action in overruling such a motion where the facts asked for in the motion are as fully known to the one who files such motion as to the other party to the litigation. Unless substantial rights of the moving party have been denied them by the said ruling it will not be disturbed. No such showing has been made by the appellants. See *Haskell and Barker Car Company* v. *Trzop* (1920), 190 Ind. 35, 128 N. E. 401, and cases and authorities cited therein. See also *Pennsylvania Railroad Co.* v. *Hemmer, Admr.* (1934), 206 Ind. 311, 186 N. E. 285, 189 N. E. 137.

In finding number 23, the court set out the circumstances under which the said partial release of the real estate mortgage was made and these facts show that both Charles S. Patton and Cecil R. McCoy took part in and had full knowledge of the transaction and they made no objection whatever at the time. It is true that Sadie Patton was not present when the partial release was arranged for but whatever title she had in the property came through Charles S. Patton and she, therefore, as grantee of Charles S. Patton, is in no position to complain. It is true that Charles S. Patton and Cecil R. McCoy, alone, without their wives, executed the said real estate mortgage, but the trial court specifically found that both of said wives were dead at the time the complaint herein was filed. The

deed which Sadie Patton took from her father and mother in her mother's lifetime conveying to her an undivided one-third interest in said mortgaged real estate owned by Charles S. Patton is of no avail to create any interest in Sadie Patton growing out of the inchoate interest of her mother for the reason that although the mother did not sign the mortgage and would have had a right under the statute to have her inchoate interest set off to her in case of a judicial sale under a foreclosure decree foreclosing said mortgage, yet it is to be remembered that the mother died before any such decree was rendered and before any such sale was had. Sadie Patton, however, took a conveyance of said real estate from her co-appellant, her father, Charles S. Patton, after the mortgage had been duly executed and recorded, and after the commencement of this litigation, but in such conveyance, she as grantee, would be bound by what her father, Charles S. Patton, had done in reference to the said partial release of the real estate mortgage and the same would be true as to the first deed to her.

The court found that both Charles S. Patton and Cecil R. McCoy had at an earlier time each been indebted to the appellee in approximately the same amount, and that the note in question was the total of what both of them owed the appellee. The original notes to the bank had been renewed several times before the merger into the note sued upon, which note likewise was renewed at least once, and the merged note involved in this litigation showed upon its face that it was the joint and several note of Charles S. Patton and Cecil R. McCoy and the court so found. The appellants attempt to make some point to the effect that the partial release of mortgage was a full release and satisfaction of the mortgage debt, but a casual reading of the partial release itself shows that it was a partial release only. The finding of

facts further discloses that Charles S. Patton was the father-in-law of Cecil R. McCoy and that all of the transactions were thus family transactions with the appellee.

The four conclusions of law are in substance that the equities are with the appellee; that it is entitled to a personal judgment against the appellants Charles S. Patton and Cecil R. McCoy and to have the real estate mortgage foreclosed as to all appellants and that it have judgment also for costs.

We have examined carefully all of the matters complained of by the appellants and we think the trial court was correct in its rulings and in the conclusions of law.

We find no reversible error. Judgment affirmed.