JOHNNIE J. JONES EXPOSITION, INC., ET AL. *v.* TERRY

[No. 17,363.   Filed October 24, 1945.]

190

*Arthur T. Mayfield,* of Indianapolis, for appellants.

*Henry J. Richardson, Jr.,* of Indianapolis, and *Staff and Staff,* of Franklin, *Charles A. Chandler,* of Indianapolis, (of counsel), for appellee.

HAMILTON, J.—This is an appeal from a judgment rendered in favor of appellee against appellants in an action to recover damages for personal injuries sustained by appellee as a result of a fall from an amusement device known as a "Ferris Wheel," which was alleged to have been operated by appellants at the Indiana State Fairground August 31, 1941.

The cause was tried by a jury and a verdict resulted in appellee's favor against all appellants in the sum of $7,500.00 and judgment was rendered accordingly.

Errors assigned in this court are: (1) The court erred in overruling appellants' separate and several mo-

tion to make the complaint more specific; (2) the court erred in overruling the appellants' separate and several demurrer to the complaint; and (3) the court erred in overruling appellants' separate and several motions for a new trial.

■   Rhetorical paragraph IV of the complaint charged appellants with negligence as follows:

"Plaintiff avers that defendants and their agents so carelessly *and negligently maintained and adjusted the said safe-guard bar across the seat in which this plaintiff was seated on the said Ferris Wheel and so carelessly and negligently suffered and permitted the same to be, become and remain out of repair and to be wholly insecure and dangerous in this:* that said safe-lock and catch on the said safety guard bar was worn out of repair and the same did not securely attach and was not securely fastened and that the same, when fastened, did not maintain immovable in the said lock-groove as a safety-guard to this plaintiff; *that by reason of the unsafe, defective and insecure fastening of the said guard bar by the defendants and their agents, and the insecure condition of the said safety lock and fastener on the said safety-guard bar,* so carelessly and negligently maintained by defendants, as plaintiff was descending from the crest of the Ferris Wheel curve and while she proceeded with due care and caution and doing all things necessary to be done by her for her safety, *the said safety-bar guard became unattached, movable, broke loose, gave way and thereby throwing and precipitating plaintiff a great distance to the ground below, and by reason of which and on account of defendants' said negligence, plaintiff sustained great and severe injuries and permanent impairment in this,* that she suffered a double comminuted compound fracture of the femur of the right leg, a dislocation of the right knee and the right ankle, wounds and contusions of the throat and neck, numerous abrasions, severe nervous shock and numerous bruises and internal injuries, and damages to the plaintiff in the sum of twenty-five thousand dollars ($25,000.00). (Our italics.)

Appellants contend that the court erred in overruling the motion to make the complaint more specific for two reasons: (1) The theory of the action is indefinite; that rhetorical paragraph IV, *supra,* charges two acts of negligence, (a) negligence in adjusting the safe-guard bar across the seat of the Ferris Wheel, and (b) negligence in permitting the safe-lock and catch on the safety-guard to become worn out of repair so that the same did not securely attach and fasten,—appellants say that it is not clear as to which of said acts of negligence the plaintiff relied upon or whether she relied upon both charges of negligence; and (2) that appellants were entitled to have plaintiff allege the name or names of appellants' agents who negligently failed to fasten said lock.

The Indiana code, § 2-1004, Burns' 1933, § 110, Baldwin's 1934, provides:

"The complaint shall contain: . . .

"Second. A statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

A reading of rhetorical paragraph IV of the complaint convinces us that the complaint is drafted in conformity with the requirements of the above section of the statutes.

It is well settled that a plaintiff has the right to allege several acts of negligence in a single paragraph of a complaint and recover upon proof of all, or any one, of said acts. *Chicago, etc., R. Co.* v. *Ellis, Admx.* (1925); 83 Ind. App. 701, 149 N. E. 909; *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395,

84 N. E. 341; *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. (2d) 330.

Again, the plaintiff is not required to plead evidence or allege facts which are within the knowledge of the defendant. *Singer, etc., Machine Co.* v. *Phipps* ▇ (1911), 49 Ind. App. 116, 120, 94 N. E. 793; *Patton* v. *State Bank of Hardinsburg* (1938), 105 Ind. App. 381, 15 N. E. (2d) 106; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. (2d) 456. Appellants have failed to show wherein they suffered any substantial injuries or that the ruling of the court upon the motion to make the complaint more specific was prejudicial in any respect, which they are required to do in order to establish reversible error upon such a ruling. *Cline* v. *Rodabaugh* (1933), 97 Ind. App. 258, 179 N. E. 6; *Carter* v. *Richart* (1917), 65 Ind. App. 255, 114 N. E. 110. The court did not err in overruling the motion to make the complaint more specific.

The only objection urged against the sufficiency of the complaint as against the demurrer is that it is not definitely alleged how either the defective condition of the guard-rail or the fact that it was not securely fastened could throw plaintiff out of the seat. There is no merit in such objection, and the complaint was sufficient as against the objections stated in the demurrer.

Appellants' motion for a new trial contains ten specifications or reasons. Specifications 4 and 6 are expressly waived and need no further consideration.

Specification 5 alleges error in giving to the jury instruction No. 7, tendered by the plaintiff. The record discloses that appellants' objection to this instruction as made to the trial court was as follows:

"Defendants and each of them now at the conclusion of all the evidence in the case object and except to the court giving plaintiff's Instruction No. 7 *for the reason that it is an instruction upon matters outside the issues as made by the pleadings in this case.*" (Our italics.)

It will be observed that the above objection does not designate or point out any specific language contained in the instruction which constitutes matters outside of the issues. The language used in the objection is vague, general, and indefinite.

Rule 1-7 of the Revised Rules of the Supreme Court provides in part that:

"After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state *his specific objections to each . . . or specific written objections to each instruction may be submitted to the court* before argument. No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, *except upon the specific objections made as above required.*" (Our italics.)

The objection as made by appellants to instruction No. 7 is too vague, general, and indefinite to comply with the requirements of Rule 1-7, *supra. Mackey* v. *Niemeyer* (1943), 113 Ind. App. 10, 13 to 14, 44 N. E. (2d) 520. No question is presented for our consideration with reference to the giving of said instruction No. 7, *supra.*

In specifications Nos. 7, 8, 9, and 10 of the motion for a new trial, appellants alleged error in: (a) overruling appellants' motion to strike out certain testimony; (b) admitting certain evidence over appellants' objections; and (c) in permitting plaintiff's exhibits D and E to be admitted in evidence,

In the motion for a new trial, appellants failed to set forth the question and answer, if there was one, or the substance thereof, the objection stated to the proffered testimony or exhibits in the trial court, together with the rulings of the court with respect thereto. For these reasons no question is presented to us for review with reference to the admission of evidence or in any ruling on the motion to strike out evidence or admitting exhibits. *Baltimore & O. R. Co.* v. *Pertics* (1943), 112 Ind. App. 674, 678, 46 N. E. (2d) 251; *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. (2d) 207; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. (2d) 122.

In specification No. 3 of the motion for new trial, appellants assert that the damages assessed by the jury in the sum of $7,500 are excessive.

The evidence discloses that the appellee was 19 years of age at the time of the trial; that prior to the date she was injured she was in perfect health; that she fell a distance of 35 to 40 feet and sustained the following injuries: a double comminuted compound fracture of the right femur; dislocation of the right knee which is still stiff; dislocation of the right ankle; a deep cut (about 3 inches long) under chin; a deep cut about an inch in front of the chin; severe shock and bruises; that since the accident she has been extremely nervous and excitable; that she still suffers from the effects of said injuries and cannot do things she did prior to receiving said injuries. Appellee underwent two operations and one blood transfusion; that her hearing has been impaired since the accident and she suffers pain in the right side of the abdomen over the right ovary. In view of this evidence; we cannot see that the amount of the judgment is so grossly excessive as, at first blush, to induce the belief that the jury was actuated by prejudice, partiality, or corruption in assessing

the damages. *Swallow Coach Lines, Inc.* v. *Cosgrove* (1938), 214 Ind. 532, 15 N. E. (2d) 92; *Jones v. Cary* (1941), 219 Ind. 268, 37 N. E. (2d) 944.

Appellants' remaining contention, as stated in specifications 1 and 2 of the motion for a new trial, is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

In determining whether or not the evidence is sufficient to sustain the verdict, we have the right and it is the duty of the court to consider the answers of the jury to special interrogatories in connection with the evidence for the purpose of deciding whether the verdict is sustained by the evidence. *Barr* v. *Sumner* (1915), 183 Ind. 402, 107 N. E .675; *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 420, 94 N. E. 718; *The Terre Haute and Indianapolis R. R. Co.* v. *Clark, Administrator* (1880), 73 Ind. 168. In answer to three interrogatories propounded to the jury, they specifically found: (1) The lock and catch on the safety bar of the said Ferris Wheel in which plaintiff was seated was defective; (2) that the safety bar was not securely fastened when plaintiff was seated in the seat before the beginning of the ride; and (3) that the safety bar gave way and precipitated plaintiff to the ground. These facts, specially found by the jury, fully support the charge of negligence set forth in rhetorical paragraph IV of the complaint. An examination of the record discloses that there is substantial evidence to sustain the above facts, and it is not the province of this court to weigh the evidence, or substitute its judgment as to the weight of the evidence for that of the jury.

Finally, it is asserted that, as to certain named appellants, there is no evidence in the record to establish the fact that they had any connection with the owner-

ship, operation, or management of the Ferris Wheel at the time and place appellee was injured. Counsel for appellants concede that in rhetorical paragraph 2 of the separate and several answer filed by all of the defendants, it was admitted that the defendants, Johnnie J. Jones Exposition, Inc.; Johnny J. Jones Exposition, Inc.; and The New Johnny J. Jones Exposition, Inc., owned and operated the Ferris Wheel described in plaintiff's complaint at the time and place plaintiff was injured, and that such admission was sufficient to dispense with any proof as to said named defendants to establish their ownership, management, or operation of the Ferris Wheel at the time and place described in the complaint.

Counsel for appellants also admit that there is evidence in the record to establish the fact that, after the accident, the defendant, E. Lawrence Phillips, made certain admissions which would be sufficient to dispense with further proof as to his connection with the Ferris Wheel involved in the accident. We agree with each of the above statements and hold that as to the appellants, Johnnie J. Jones Exposition, Inc.; Johnny J. Jones Exposition, Inc.; The New Johnny J. Jones Exposition, Inc.; Johnny J. Jones Amusement Company; E. Lawrence Phillips; and E. Lawrence Phillips, doing business under firm and style name of Johnny J. Jones Exposition, the verdict is sustained by sufficient evidence.

After a careful examination of the record, we are unable to find any evidence in the record which in any way tends to establish the fact that the appellants, The E. Lawrence Phillips Co., Inc.; The E. Lawrence Phillips, Inc.; and Mrs. Jones, widow of Johnny J. Jones III, were in any manner connected with the ownership, management, or operation of the Ferris Wheel described in the plaintiff's com-

plaint, and for this reason we hold that the verdict as to said last named appellants is not sustained by sufficient evidence and is contrary to law.

We find no reversible error as to appellants, Johnnie J. Jones Exposition, Inc.; Johnny J. Jones Exposition, Inc.; The New Johnny J. Jones Exposition, Inc.; Johnny J. Jones Amusement Company; E. Lawrence Phillips, doing business under firm and style name of Johnny J. Jones Exposition; and E. Lawrence Phillips, and the judgment is affirmed as to said named appellants.

The judgment is reversed as to the appellants, The E. Lawrence Phillips Co., Inc.; The E. Lawrence Phillips, Inc.; and Mrs. Jones, widow of Johnny J. Jones III, with instructions to sustain the separate and several motion for a new trial filed by said last named appellants.

NOTE.—Reported in 63 N. E. (2d) 159.