## A & B AUTOMATIC HEATING SALES AND SERVICE, INC. v. COOLEY

[No. 18,021. Filed June 16, 1950. Rehearing denied September 27, 1950. Transfer denied October 25, 1950.]

*L. Russell Newgent* and *Edwin J. Ryan,* both of Indianapolis, for appellant.

*Johnson, Zechiel & Johnson,* of Indianapolis, for appellee.

WILTROUT, J.—Two questions are presented by this appeal, alleged error in the overruling of a motion to make appellee's complaint more specific, and in overruling appellant's motion for a change of venue from the county.

Appellee's complaint on account alleges that appellant is indebted to appellee "on account of goods, wares and merchandise furnished and delivered" by appellee to appellant at appellant's special instance and request. There is attached to and made a part of the complaint a bill of particulars, which is alleged to be "an itemized statement of said account." This bill of particulars contains dates, nomenclature of articles, and amounts expressed in terms of money.

The tenor of appellant's motion is that it is uncertain as to whether the dates in the bill of particulars are the dates the materials were ordered or the dates upon which they were delivered. It asks that appellee be required to make its complaint more specific by setting forth both sets of dates.

Rulings on motions to make more specific are largely in the discretion of the trial court. Such rulings will not be considered cause for reversal unless it is shown that such discretion was abused and the complaining party has been harmed thereby. *Meyer* v. *Garvin, Receiver* (1942), 110 Ind. App. 403, 37 N. E. 2d 291, and cases there cited; *Public Service Co.* v. *Tackett, Admr.* (1943), 113 Ind. App. 307, 47 N. E. 2d 851; *Johnnie J. Jones Exposition* v. *Terry* (1945), 116 Ind. App. 189, 63 N. E. 2d 159.

It is not error to overrule the motion where the allegations are sufficiently definite and furnish the defendant with sufficient information of the claim of the plaintiff to adequately prepare and present the case. The complaint states the facts "in such manner as to enable a person of common understanding to know what is intended." Acts of 1881 (Spec. Sess.), ch. 38, § 84, p. 240; Burns' 1946 Replacement, § 2-1004; *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 45 N. E. 2d 351.

As a general rule, a complaint will not be required to be made more definite and certain as to matters which, as here, are equally accessible to both parties. *Patton* v. *State Bank of Hardinsburg* (1938), 105 Ind. App. 381, 15 N. E. 2d 106; *Brownstown Water, etc., Co.* v. *Hewitt* (1918), 66 Ind. App. 645, 118 N. E. 693.

The appellant has not seen fit to bring the evidence in this case before us. There is no showing that appellant sought information by interrogatories, or that on the trial appellant complained of surprise and asked for a continuance. Neither does it appear that appellant was in any way misled as to what issues were presented or that it was in any way prevented from preparing and presenting its defense. *Meyer* v. *Garvin, Receiver, supra; Terre Haute, etc. Traction Co.* v. *McDermott* (1924), 82 Ind. App. 134, 144 N. E. 620. Appellant is not shown to have been in any way harmed by the ruling.

The court, on motion, may order a further bill of particulars when the one filed is defective. Acts of 1881, (Spec. Sess.), ch. 38, § 114, p. 240; Burns' 1946 Replacement, § 2-1032. Such a motion differs from a motion to make more specific. *The Louisville, New Albany and Chicago Railway Co.* v. *Henly et al.* (1883), 88 Ind. 535. But even if we

disregard the name by which the motion is designated and treated by the parties, and consider it a motion for a further bill of particulars, no error of the kind which will justify a reversal is shown. The information desired was at least equally within the knowledge of appellant. *Brownstown Water, etc., Co.* v. *Hewitt, supra.*

By agreement of the parties the trial date of the cause was continued from March 15, 1949, to April 1, 1949. On March 30, 1949, appellant filed its application for change of venue from the county, which application was overruled.

Such applications must be filed within the time properly fixed by the local rule of court. 2 Gavit, *Indiana Pleading and Practice,* § 217, p. 1552; *Ogle et al.* v. *Edwards, Administrator* (1893), 133 Ind. 358, 33 N. E. 95. The rule of the trial court provided that the application must be filed at least five days before the cause stands for trial on the trial calendar.

Appellant does not urge here, and did not show in its application, that the facts entitling it to a change were not known to it in time to file the application at least five days before the day on which the cause stood for trial. No error was committed in refusing to grant the change of venue from the county. *Bereolos* v. *Roth* (1924), 195 Ind. 425, 145 N. E. 545; *State ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, 184 N. E. 776; *Hamilton* v. *Miller* (1900), 24 Ind. App. 617, 56 N. E. 923.

We find no error, and the judgment is affirmed.

NOTE.—Reported in 92 N. E. 2d 865.